OPINION
Defendant-Appellant, Tory M. Alberty, appeals a judgment issued by the Court of Common Pleas of Allen County sentencing him to ten years in prison, the maximum term allowable on a conviction for involuntary manslaughter. For the reasons expressed in the following opinion, we affirm the trial court's decision.
The record demonstrates that on March 11, 1999, Appellant was babysitting eight-month-old Breanna Walder. Appellant was involved in a relationship with the child's mother and agreed to watch Breanna while the mother went to work. On that date, Appellant smoked what was referred to as a "blunt", which is a cigar that has had the tobacco removed and a substantial amount of marijuana placed in its stead. While under the influence, Appellant, in an attempt to get the child to stop crying, began tossing her into the air. At one point, Appellant dropped the baby. The child landed on her head and stopped breathing as a result of the fall. Breanna was eventually life-flighted to Columbus Children's Hospital and placed in the intensive care unit. She was pronounced dead four days later. The results of the autopsy indicate that the cause of death was non-accidental head injury or "Shaken Impact Syndrome."
As a result of these events, the Allen County Grand Jury indicted Appellant on one count of involuntary manslaughter, in violation of R.C. 2903.04(A), and one count of endangering children, in violation of R.C. 2919.22(A) (E)(2)(c). Appellant pled not guilty to the offenses and the matter was set for trial. However, based upon a negotiated plea agreement, Appellant entered a guilty plea to the involuntary manslaughter charge, a first-degree felony. In exchange, the State of Ohio dismissed the charge of child endangering. The court accepted the agreement in an August 12, 1999 judgment entry and continued sentencing pending the preparation of a presentence investigation report.
Thereafter, on September 16, 1999, the court sentenced Appellant. After hearing various statements, considering the presentence investigation report, and making several findings in accordance with the felony sentencing laws, the trial court imposed a ten year prison term, the maximum sentence allowable on a first-degree felony. This appeal followed. Appellant asserts the following as his sole assignment of error:
 The court erred in sentencing a first time offender to the maximum sentence.
 According to R.C. 2953.08(G)(1), this court has the authority to vacate a sentence and remand it to the trial court for the purpose of resentencing if we clearly and convincingly find that: "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law." Herein, Appellant argues that the maximum sentence is not supported by the evidence contained in the record. We find otherwise.
With the 1996 enactment of Senate Bill 2, trial courts are now required to make various findings before properly imposing a felony sentence. This court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11,2929.12, 2929.14 and 2929.19 which, in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid." State v. Bonanno (June 24, 1999), Allen App. No. 1-98-59, unreported. See also State v.Martin (June 23, 1999), Allen App. No. 1-98-81, unreported. A trial court must strictly comply with the relevant sentencing statutes by making all necessary findings on the record at the sentencing hearing. Bonanno, supra, at 6. Furthermore, when required, the court is to specify its particular reasons that form the basis of its findings. Id.
In general, a trial court is vested with the discretion to determine the most effective way to accomplish the goals and principles of felony sentencing as set forth in R.C. 2929.11. In order to make such a determination, the trial court is mandated to consider the seriousness and recidivism factors enumerated in R.C.2929.12.
In reviewing these factors in the instant case, the trial court found that the offense was more serious than conduct normally constituting involuntary manslaughter, and that Appellant was more likely to commit future crimes. Appellant, however, argues that the trial court incorrectly applied these factors and/or failed to consider other, relevant factors contained in R.C. 2929.12.
We initially note that the trial court found, pursuant to R.C.2929.12(B)(3) that Appellant "held a public office or position of trust in the community, and the offense related to that office or position." The hearing transcript reflects that the court considered a child care-giver to be a person in a position of trust in the community. Appellant claims that such a finding must have been a clerical error given the language of the statute. Regardless of whether it was a mistake or the court's actual intent to make this finding, we find it unnecessary to reach the issue of whether a babysitter should be regarded as holding a position of trust in the community since the remainder of the record supports the court's ultimate conclusion.
Appellant next claims that the trial court should have found, pursuant to R.C. 2929.12(E)(3), that prior to committing the crime, Appellant led a law-abiding life for a significant number of years. In support of this argument, Appellant maintains that his last conviction was for assault in 1991 when he was approximately eleven years old.
Contrary to Appellant's assertions, the information contained in the presentence investigation report indicates that, subsequent to his juvenile criminal history, Appellant had two convictions for driving under suspension in 1997 and one conviction for contempt in 1998 for the failure to report to jail on a sentence imposed on the suspension charges. In addition, Appellant admitted in the report and at the sentencing hearing that he uses marijuana frequently and sometimes smokes four to five "blunts" a day. Based upon this information, we cannot conclude that the trial court erred in failing to find that Appellant was a law-abiding citizen for many years prior to the instant offense.
Appellant further argues that since R.C. 2929.12 requires the trial court to make a determination as to whether an offender is remorseful, the court's failure in this case to do so is reversible error. We are not convinced. The statute requires the trial court to determine the presence or lack of "genuine remorse". At the sentencing hearing, the court acknowledged Appellant's apparent remorse, but could not resolve whether it was genuine, presumably because the presentence investigation report indicates that Appellant "minimized" the offense during his interview with investigators. As a result, the trial court deferred the issue of genuine remorse to a "higher power". Based upon the inconsistencies in the record and the fact that the trial court sits in the best position to determine genuine remorse, we cannot conclude that the trial court erred in this respect. SeeState v. Kershaw (1999), 132 Ohio App.3d 243.
Appellant next asserts that the trial court should have found, pursuant to R.C. 2929.12(C)(3) and 2929.12(E)(5) that he did not expect to cause physical harm to the child and that there were substantial grounds for mitigation. We disagree. While Appellant may not have expected to cause harm to the child, he was admittedly under the influence of a large amount of marijuana on the day of the offense. Furthermore, as did the trial court, we find that the voluntary use of marijuana, especially while caring for an infant is not grounds for mitigation. This is particularly true in light of the fact that Appellant was quite familiar with the effects of the drug. Thus, we find that the trial court did not misconstrue the factors set forth in R.C. 2929.12, and that the record supports the determination that a prison term would carry out the purposes and principles of the felony sentencing laws.
With that stated, we now move on to discuss the propriety of the length of the sentence imposed. R.C. 2929.14(A)(1) permits a trial court to impose a sentence on a first-degree felony ranging from three to ten years. R.C. 2929.14(B) further provides that if an offender has not previously served a prison term, as in this case, the court must impose the shortest term. An exception to this rule applies in the event that the court finds on the record that "the shortest term will demean the seriousness of the offenders' conduct or will not adequately protect the public from future crime * * *." R.C. 2929.14(B). If the court makes this preliminary finding, then it may impose the maximum term upon concluding, among other things, that the offender committed the worst form of the crime. See R.C. 2929.14(C).
In the event that the court makes these findings, R.C.2929.19(B)(2)(d) then places a duty upon the court at the sentencing hearing to state its reasons for imposing the longest prison term available. We have recently held that, when applicable, this statute requires the trial court to provide a factual explanation that sets forth the basis for its findings.State v. Russell (Mar. 13, 2000), Auglaize App. No. 2-99-38, unreported.
In this case, the trial court made all requisite findings in order to properly impose the maximum sentence. The court also set forth a detailed explanation of the basis for its finding:
 The Court: [T]he victim was a helpless infant; the defendant was entrusted as a baby-sitter and responsible for the care and safety of the victim while the mother was gone at work; the defendant was in a relationship with the mother; and, again, the Court will point as one of the key, if not the key, reason * * * the defendant admitted he was voluntarily under the influence of marijuana when the offense occurred. * * * [N]o one made you smoke marijuana. You chose to smoke marijuana, knowing that you were responsible for the baby's care. You chose to throw the baby into the air, under the influence of marijuana. In the Court's mind that is the reason this is the worst form of the offense, because of your voluntary actions and because of the helplessness of an eight month old baby.
 Notwithstanding the court's reasoning, Appellant argues that the facts of this particular case do not warrant the conclusion that Appellant committed the worst form of involuntary manslaughter. Appellant seems to operate on the erroneous assumption that there is necessarily only one worst form of this offense. "[T]he trial court did not have to find that the appellant committed the worst form of [involuntary manslaughter]. R.C. 2929.14(C) provides for the maximum sentence for `offenders who committed the worst forms of the offense * * *. This section recognizes that there is not just a single form of any offense that is the worst, but that more than one situation may be one of the worst forms of an offense.'" State v. Goff (June 30, 1999), Washington App. No. 98CA30, unreported, quoting State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, unreported.
As the trial court pointed out at the sentencing hearing, the infant victim in this case suffered severe physical injuries and her subsequent death solely because of Appellant's choice to smoke a "blunt" of marijuana before throwing an eight-month-old baby into the air. Despite Appellant's suggestions that anything less than a severe beating should not be considered one of the worst forms of involuntary manslaughter, we find that the record provides ample support for the trial court's conclusion.
Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 WALTERS, J.
 HADLEY, P.J., and BRYANT, J., concur.